IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

PROSPERINA VENTURES LLC,

                    Plaintiff,

        v.

THE HOME DEPOT, INC.,

                    Defendant.

Case No.

Jury Trial Demanded

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Prosperina Ventures LLC ( "Prosperina" or "Defendant") by and through the undersigned counsel, hereby files this Complaint against Defendant The Home Depot, Inc., ("Home Depot" or "Defendant") for patent infringement of United States Patent Nos. 8,435,060; 9,169,977; 9,310,030; 9,470,882; 9,534,767; and 10,107,487 (the "Patents-in-Suit"; attached hereto as Exhibits 1-6, respectively), and alleges as follows:

## INTRODUCTION

1.  Prosperina owns by assignment all right, title and interest in numerous United States and foreign patents and applications, including the patents-in-suit.

2.      Defendant infringes the Patents-in-Suit by making, using, offering for sale, and/or selling in the United States, and/or importing into the United States without authority or license, a number of its commercial products including, *inter alia*, the Ecosmart PAR20 50W 75W (1012781337), Hampton Bay 4-Light Directional Track Fixture (1007730350), Commercial Electric Wide Wrap Light (1014855142), Ecosmart PAR38 Bulb (1006248217), Ecosmart MR16 50W (1009881217), and the Commercial Electric LED Vapor Tight Light (1001488235) (collectively, the "Accused Products"). The Accused Products are marketed, offered for sale, and distributed throughout the United States, including in this judicial district.

3.      By this action, Prosperina seeks to obtain compensation for the harm it has suffered as a result of Defendant's infringement of the Patents-in-Suit.

## NATURE OF THE ACTION

4.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*

5.      Defendant has infringed and continues to infringe, has at least as early as the filing of this action induced and continues to induce infringement of, and has contributed to and continues to contribute to infringement of,  one or more claims of patens-in-suit at least by making, using, selling, and/or offering to sell the Accused Products in the United States, including in this district, and/or by importing the Accused Products into the United States.

6.      Prosperina is the legal owner by assignment of the Patents-in-Suit, which were duly and legally issued by the United States Patent and Trademark Office

("USPTO"). Prosperina seeks monetary damages for Defendant's infringement of the Patents-in-Suit.

## THE PARTIES

7.     Prosperina is a limited liability company organized under the laws of the State of Texas with its principal place of business at 8140 Walnut Hill Lane, Suite 615, Dallas, Texas 75231.

8.     Home Depot is a corporation duly organized and existing under the laws of Delaware with its principal place of business at 2455 Paces Ferry Roady, Atlanta, Georgia, 30339. Additionally, Home Depot maintains a regular and established place of business in this district at 1224 N Central Expy, Plano, Texas 75074.

9.     On information and belief, Home Depot directly and/or indirectly develops designs, manufactures, distributes, markets, offers to sell and/or sells the Accused Products and services in this district, and otherwise directs infringing activities to this district in connection with its products and services.

## JURISDICTION AND VENUE

10.     As this is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 et seq., this Court has subject matter jurisdiction over the matters asserted herein under 28 U.S.C. §§ 1331 and 1338(a).

11.     This Court has general and specific personal jurisdiction over Defendant. Defendant conducts substantial business in the forum, directly and/or through intermediaries, including: (1) at least a portion of the infringing activity alleged herein;

3

and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to persons in this District; and (iii) having a regular and established place of business in this state and in this district.

12.     Venue is proper in this district under 28 U.S.C. §1400(b) because, as noted above, Defendant has committed acts of patent infringement in this district and has a regular and established places of business in this District.

## PATENTS-IN-SUIT

13.     On May 7, 2013, the USPTO duly and legally issued United States Patent No. 8,435,060 ("the '060 Patent") entitled "Fixtures, apparatuses, and related methods for providing load bearing connections for lighting devices" to inventors Paul K. Pickard, Gary D. Trott, and James Michael Lay. A true and correct copy of the '060 Patent is attached as Exhibit 1.

14.     The '060 Patent is presumed valid under 35 U.S.C. § 282.

15.     Prosperina owns all right, title, and interest in the '060 Patent.

16.     On October 27, 2015, the USPTO duly and legally issued United States Patent No. 9,169,977 ("the '977 Patent") entitled "LED lamp" to inventor Nicholas William Medendorp, Jr., Randall Levy Bernard, James Michael Lay, Nathan Ray Snell, and Paul Kenneth Pickard. A true and correct copy of the '977 Patent is attached as Exhibit 2.

17.     The '977 Patent is presumed valid under 35 U.S.C. § 282.

18.     Prosperina owns all right, title, and interest in the '977 Patent.

4

19.     On April 12, 2016, the USPTO duly and legally issued United States Patent No. 9,310,030 ("the '030 Patent") entitled "Non-uniform diffuser to scatter light into uniform emission pattern" to inventor Tao Tong, Ronan Letoquin, Bernd Keller, Eric Tarsa, Mark Youmans, Theodore Lowes, Nicholas W. Medendorp, JR., Anthony van de Ven, Gerald Negley, Peter Guschl, and Zongjie Yuan. A true and correct copy of the '030 Patent is attached as Exhibit 3.

20.     The '030 Patent is presumed valid under 35 U.S.C. § 282.

21.     Prosperina owns all right, title, and interest in the '030 Patent.

22.     On October 18, 2016, the USPTO duly and legally issued United States Patent No. 9,470,882 ("the '882 Patent") entitled "Optical arrangement for a solid-state lamp" to inventor Dong Lu. A true and correct copy of the '882 Patent is attached as Exhibit 4.

23.     The '882 Patent is presumed valid under 35 U.S.C. § 282.

24.     Prosperina owns all right, title, and interest in the '882 Patent.

25.     On January 3, 2017, the USPTO duly and legally issued United States Patent No. 9,534,767 ("the '767 Patent") entitled "LED lamp" to inventors Elizabeth Rodgers, Heidi Dieringer Loepp, Yaote Huang, James Hugh Bowden, JR. A true and correct copy of the '767 Patent is attached as Exhibit 5.

26.     The '767 Patent is presumed valid under 35 U.S.C. § 282.

27.     Prosperina owns all right, title, and interest in the '767 Patent.

28.     On October 23, 2018, the USPTO duly and legally issued United States Patent No. 10,107,487 ("the '487 Patent") entitled "LED light bulbs" to inventors

5

George R. Brandes and Julio A. Garceran. A true and correct copy of the '487 Patent is attached as Exhibit 6.

29.    The '487 Patent is presumed valid under 35 U.S.C. § 282.

30.    Prosperina owns all right, title, and interest in the '487 Patent.

## CLAIMS FOR RELIEF

### Count I – Infringement of United States Patent No. 8,435,060

31.    Prosperina repeats, realleges, and incorporates by reference, as if fully set forth here, the allegations of the preceding paragraphs above.

32.    Home Depot  (or those acting on its behalf) has infringed and is infringing, either literally or under the doctrine of equivalents, at least claim 1 of the '060 Patent in violation of 35 U.S.C. §§ 271 et seq., directly and/or indirectly, by making, using, offering for sale, and/or selling in the United States, and/or importing into the United States without authority or license, the Hampton Bay 4-Light Directional Track Fixture (1007730350), and substantially similar products (collectively, the "'060 Accused Products").

33.    As just one non-limiting example, set forth in Exhibit 7 is an exemplary claim chart evidencing Defendant's infringement of claim 1 of the '060 Patent in connection with one of the '060 Accused Products (e.g., the Hampton Bay 4-Light Directional Track Fixture (1007730350)). This description is based on publicly available information. Prosperina reserves the right to modify this description, including, for example, on the basis of information about the '060 Accused Products that it obtains during discovery.

6

34.     Defendant has been and/or currently is an active inducer of the direct infringement of the '060 Patent under 35 U.S.C. § 271(b) and a contributory infringer of the '060 Patent under 35 U.S.C. § 271(c).

35.     With and despite its knowledge of the '060 Patent, Defendant has been and/or currently is intentionally causing, urging, and/or encouraging customers to directly infringe one or more claims of the '060 Patent while being on notice of (or willfully blind to) the '060 Patent. For instance, Defendant has supplied and continues to supply the '060 Accused Products to customers (e.g., end users of the '060 Accused Products) while knowing that use of these products in their intended manner will directly infringe one or more claims of the '060 Patent.

36.     Defendant has been and/or currently is knowingly and intentionally encouraging and aiding customers to engage in such direct infringement of the '060 Patent. As one example, Defendant promotes, advertises, and instructs customers or potential customers about the '060 Accused Products and uses of the '060 Accused Products.

37.     Defendant knows (and/or has known) that such encouraging and aiding does (and/or would) result in its customers directly infringing one or more claims of the '060 Patent. For instance, prior to the filing date of this lawsuit Defendant knew of the existence ofthe '060 Patent or at least should have known of the existence of the '060 Patent but was willfully blind to its existence. At minimum, as of the filing date of this lawsuit, Defendant was aware of the existence of the '060 Patent. And, as a result of its knowledge of the '060 Patent (and/or as a direct and probable consequence of its

willful blindness to this fact), Defendant specially intended (and/or has intended) that its encouraging and aiding does (and/or would) result in direct infringement of the '060 Patent by Defendant's customers. On information and belief, Defendant specifically intends (and/or has intended) that its actions will (and/or would) result in direct infringement of one or more claims of the '060 Patent and/or subjectively believes (and/or has believed) that its actions will (and/or would) result in infringement of the '060 Patent but has taken (and/or took) deliberate actions to avoid learning of those facts.

38.     Defendant has been and/or currently is contributorily infringing one or more claims of the '060 Patent by offering for sale, selling, and/or importing one or more components in connection with the '060 Accused Products that contribute to the direct infringement of the '060 Patent by customers of the '060 Accused Products. In particular, as set forth above, Defendant has had actual knowledge of the '060 Patent since before the filing of this action. Further, Defendant offers for sale, sells, and/or imports one or more components in connection with the '060 Accused Products that are not staple articles of commerce suitable for substantial noninfringing use, and Defendant knows (or should known) that such component(s) were especially made or especially adapted for use in infringement of the '060 Patent. Defendant has supplied (and/or continues to supply) the '060 Accused Products that comprise such component(s) to customers, who then directly infringe one or more claims of the '060 Patent by using the '060 Accused Products in their intended manner (e.g., pursuant to instructions provided by Defendant).

39. At least as early as the filing of this action, Defendant's infringement of the '060 Patent was and continues to be willful and deliberate, thereby entitling Plaintiff to enhanced damages.

40. Additional allegations regarding Defendants' knowledge of the '060 Patent and willful infringement will likely have evidentiary support after a reasonable opportunity for discovery.

41. Defendant's infringement of the '060 Patent is exceptional and entitles Prosperina to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

42. Prosperina is in compliance with any applicable marking and/or notice provisions of 35 U.S.C. § 287 with respect to the '060 Patent.

43. Prosperina is entitled to recover from Defendant all damages that it has sustained as a result of Defendant's infringement of the '060 Patent, including, without limitation, a reasonable royalty.

### Count II – Infringement of United States Patent No. 9,169,977

44. Prosperina repeats, realleges, and incorporates by reference, as if fully set forth here, the allegations of the preceding paragraphs above.

45. Defendant  (or those acting on its behalf) has infringed and is infringing, either literally or under the doctrine of equivalents, at least claim 1 of the '977 Patent in violation of 35 U.S.C. §§ 271 et seq., directly and/or indirectly, by making, using, offering for sale, and/or selling in the United States, and/or importing into the United States without authority or license, the Commercial Electric Wide Wrap Light

(1014855142), and substantially similar products (collectively, the "'977 Accused Products").

46.     As just one non-limiting example, set forth in Exhibit 8 is an exemplary claim chart evidencing Defendant's infringement of claim 1 of the '977 Patent in connection with one of the '977 Accused Products (e.g., the Commercial Electric Wide Wrap Light (1014855142)). This description is based on publicly available information. Prosperina reserves the right to modify this description, including, for example, on the basis of information about the '977 Accused Products that it obtains during discovery.

47.     Defendant has been and/or currently is an active inducer of the direct infringement of the '977 Patent under 35 U.S.C. § 271(b) and a contributory infringer of the '977 Patent under 35 U.S.C. § 271(c).

48.     With and despite its knowledge of the '977 Patent, Defendant has been and/or currently is intentionally causing, urging, and/or encouraging customers to directly infringe one or more claims of the '977 Patent while being on notice of (or willfully blind to) the '977 Patent. For instance, Defendant has supplied and continues to supply the '977 Accused Products to customers (e.g., end users of the '977 Accused Products) while knowing that use of these products in their intended manner will directly infringe one or more claims of the '977 Patent.

49.     Defendant has been and/or currently is knowingly and intentionally encouraging and aiding customers to engage in such direct infringement of the '977 Patent. As one example, Defendant promotes, advertises, and instructs customers or

potential customers about the '977 Accused Products and uses of the '977 Accused Products.

50.     Defendant knows (and/or has known) that such encouraging and aiding does (and/or would) result in its customers directly infringing one or more claims of the '060 Patent. For instance, prior to the filing date of this lawsuit Defendant knew of the existence ofthe '977 Patent or at least should have known of the existence of the '977 Patent but was willfully blind to its existence. At minimum, as of the filing date of this lawsuit, Defendant was aware of the existence of the '977 Patent. And, as a result of its knowledge of the '977 Patent (and/or as a direct and probable consequence of its willful blindness to this fact), Defendant specially intended (and/or has intended) that its encouraging and aiding does (and/or would) result in direct infringement of the '977 Patent by Defendant's customers. On information and belief, Defendant specifically intends (and/or has intended) that its actions will (and/or would) result in direct infringement of one or more claims of the '977 Patent and/or subjectively believes (and/or has believed) that its actions will (and/or would) result in infringement of the '977 Patent but has taken (and/or took) deliberate actions to avoid learning of those facts.

51.     Defendant has been and/or currently is contributorily infringing one or more claims of the '977 Patent by offering for sale, selling, and/or importing one or more components in connection with the '977 Accused Products that contribute to the direct infringement of the '977 Patent by customers of the '977 Accused Products. In particular, as set forth above, Defendant has had actual knowledge of the '977 Patent

11

since before the filing of this action. Further, Defendant offers for sale, sells, and/or imports one or more components in connection with the '977 Accused Products that are not staple articles of commerce suitable for substantial noninfringing use, and Defendant knows (or should known) that such component(s) were especially made or especially adapted for use in infringement of the '977 Patent. Defendant has supplied (and/or continues to supply) the '977 Accused Products that comprise such component(s) to customers, who then directly infringe one or more claims of the '977 Patent by using the '977 Accused Products in their intended manner (e.g., pursuant to instructions provided by Defendant).

52.    At least as early as the filing of this action, Defendant's infringement of the '977 Patent was and continues to be willful and deliberate, thereby entitling Plaintiff to enhanced damages.

53.    Additional allegations regarding Defendants' knowledge of the '977 Patent and willful infringement will likely have evidentiary support after a reasonable opportunity for discovery.

54.    Defendant's infringement of the '977 Patent is exceptional and entitles Prosperina to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

55.    Prosperina is in compliance with any applicable marking and/or notice provisions of 35 U.S.C. § 287 with respect to the '977 Patent.

12

56.　Prosperina is entitled to recover from Defendant all damages that it has sustained as a result of Defendant's infringement of the '977 Patent, including, without limitation, a reasonable royalty.

### Count III – Infringement of United States Patent No. 9,310,030

57.　Prosperina repeats, realleges, and incorporates by reference, as if fully set forth here, the allegations of the preceding paragraphs above.

58.　Home Depot  (or those acting on its behalf) has infringed and is infringing, either literally or under the doctrine of equivalents, at least claim 1 of the '030 Patent in violation of 35 U.S.C. §§ 271 et seq., directly and/or indirectly, by making, using, offering for sale, and/or selling in the United States, and/or importing into the United States without authority or license, the Ecosmart PAR38 Bulb (1006248217) and substantially similar products (collectively, the "'030 Accused Products").

59.　As just one non-limiting example, set forth in Exhibit 9 is an exemplary claim chart evidencing Defendant's infringement of claim 1 of the '030 Patent in connection with one of the '030 Accused Products (e.g., the Ecosmart PAR38 Bulb (1006248217)). This description is based on publicly available information. Prosperina reserves the right to modify this description, including, for example, on the basis of information about the '030 Accused Products that it obtains during discovery.

60.　Defendant has been and/or currently is an active inducer of the direct infringement of the '030 Patent under 35 U.S.C. § 271(b) and a contributory infringer of the '030 Patent under 35 U.S.C. § 271(c).

61.    With and despite its knowledge of the '030 Patent, Defendant has been and/or currently is intentionally causing, urging, and/or encouraging customers to directly infringe one or more claims of the '030 Patent while being on notice of (or willfully blind to) the '030 Patent. For instance, Defendant has supplied and continues to supply the '030 Accused Products to customers (e.g., end users of the '030 Accused Products) while knowing that use of these products in their intended manner will directly infringe one or more claims of the '030 Patent.

62.    Defendant has been and/or currently is knowingly and intentionally encouraging and aiding customers to engage in such direct infringement of the '030 Patent. As one example, Defendant promotes, advertises, and instructs customers or potential customers about the '030 Accused Products and uses of the '030 Accused Products.

63.    Defendant knows (and/or has known) that such encouraging and aiding does (and/or would) result in its customers directly infringing one or more claims of the '030 Patent. For instance, prior to the filing date of this lawsuit Defendant knew of the existence ofthe '030 Patent or at least should have known of the existence of the '030 Patent but was willfully blind to its existence. At minimum, as of the filing date of this lawsuit, Defendant was aware of the existence of the '030 Patent. And, as a result of its knowledge of the '030 Patent (and/or as a direct and probable consequence of its willful blindness to this fact), Defendant specially intended (and/or has intended) that its encouraging and aiding does (and/or would) result in direct infringement of the '030 Patent by Defendant's customers. On information and belief, Defendant

14

specifically intends (and/or has intended) that its actions will (and/or would) result in direct infringement of one or more claims of the '030 Patent and/or subjectively believes (and/or has believed) that its actions will (and/or would) result in infringement of the '030 Patent but has taken (and/or took) deliberate actions to avoid learning of those facts.

64.     Defendant has been and/or currently is contributorily infringing one or more claims of the '030 Patent by offering for sale, selling, and/or importing one or more components in connection with the '030 Accused Products that contribute to the direct infringement of the '030 Patent by customers of the '030 Accused Products. In particular, as set forth above, Defendant has had actual knowledge of the '030 Patent since before the filing of this action. Further, Defendant offers for sale, sells, and/or imports one or more components in connection with the '030 Accused Products that are not staple articles of commerce suitable for substantial noninfringing use, and Defendant knows (or should known) that such component(s) were especially made or especially adapted for use in infringement of the '030 Patent. Defendant has supplied (and/or continues to supply) the '030 Accused Products that comprise such component(s) to customers, who then directly infringe one or more claims of the '030 Patent by using the '030 Accused Products in their intended manner (e.g., pursuant to instructions provided by Defendant).

65.     At least as early as the filing of this action, Defendant's infringement of the '030 Patent was and continues to be willful and deliberate, thereby entitling Plaintiff to enhanced damages.

66.     Additional allegations regarding Defendants' knowledge of the '030 Patent and willful infringement will likely have evidentiary support after a reasonable opportunity for discovery.

67.     Defendant's infringement of the '030 Patent is exceptional and entitles Prosperina to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

68.     Prosperina is in compliance with any applicable marking and/or notice provisions of 35 U.S.C. § 287 with respect to the '030 Patent.

69.     Prosperina is entitled to recover from Defendant all damages that it has sustained as a result of Defendant's infringement of the '030 Patent, including, without limitation, a reasonable royalty.

### Count IV – Infringement of United States Patent No. 9,470,882

70.     Prosperina repeats, realleges, and incorporates by reference, as if fully set forth here, the allegations of the preceding paragraphs above.

71.     Home Depot  (or those acting on its behalf) has infringed and is infringing, either literally or under the doctrine of equivalents, at least claim 1 of the '882 Patent in violation of 35 U.S.C. §§ 271 et seq., directly and/or indirectly, by making, using, offering for sale, and/or selling in the United States, and/or importing into the United States without authority or license, the Ecosmart MR16 50W (1009881217) and substantially similar products (collectively, the "'882 Accused Products").

72.     As just one non-limiting example, set forth in <u>Exhibit 10</u> is an exemplary claim chart evidencing Defendant's infringement of claim 1 of the '882 Patent in connection with one of the '882 Accused Products (e.g., the Ecosmart MR16 50W (1009881217)). This description is based on publicly available information. Prosperina reserves the right to modify this description, including, for example, on the basis of information about the '882 Accused Products that it obtains during discovery.

73.     Defendant has been and/or currently is an active inducer of the direct infringement of the '882 Patent under 35 U.S.C. § 271(b) and a contributory infringer of the '882 Patent under 35 U.S.C. § 271(c).

74.     With and despite its knowledge of the '882 Patent, Defendant has been and/or currently is intentionally causing, urging, and/or encouraging customers to directly infringe one or more claims of the '882 Patent while being on notice of (or willfully blind to) the '882 Patent. For instance, Defendant has supplied and continues to supply the '882 Accused Products to customers (e.g., end users of the '882 Accused Products) while knowing that use of these products in their intended manner will directly infringe one or more claims of the '882 Patent.

75.     Defendant has been and/or currently is knowingly and intentionally encouraging and aiding customers to engage in such direct infringement of the '882 Patent. As one example, Defendant promotes, advertises, and instructs customers or potential customers about the '882 Accused Products and uses of the '882 Accused Products.

76.    Defendant knows (and/or has known) that such encouraging and aiding does (and/or would) result in its customers directly infringing one or more claims of the '882 Patent. For instance, prior to the filing date of this lawsuit Defendant knew of the existence ofthe '882 Patent or at least should have known of the existence of the '882 Patent but was willfully blind to its existence. At minimum, as of the filing date of this lawsuit, Defendant was aware of the existence of the '882 Patent. And, as a result of its knowledge of the '882 Patent (and/or as a direct and probable consequence of its willful blindness to this fact), Defendant specially intended (and/or has intended) that its encouraging and aiding does (and/or would) result in direct infringement of the '882 Patent by Defendant's customers. On information and belief, Defendant specifically intends (and/or has intended) that its actions will (and/or would) result in direct infringement of one or more claims of the '882 Patent and/or subjectively believes (and/or has believed) that its actions will (and/or would) result in infringement of the '882 Patent but has taken (and/or took) deliberate actions to avoid learning of those facts.

77.    Defendant has been and/or currently is contributorily infringing one or more claims of the '882 Patent by offering for sale, selling, and/or importing one or more components in connection with the '882 Accused Products that contribute to the direct infringement of the '882 Patent by customers of the '882 Accused Products. In particular, as set forth above, Defendant has had actual knowledge of the '882 Patent since before the filing of this action. Further, Defendant offers for sale, sells, and/or imports one or more components in connection with the '882 Accused Products that

18

are not staple articles of commerce suitable for substantial noninfringing use, and Defendant knows (or should known) that such component(s) were especially made or especially adapted for use in infringement of the '882 Patent. Defendant has supplied (and/or continues to supply) the '882 Accused Products that comprise such component(s) to customers, who then directly infringe one or more claims of the '882 Patent by using the '882 Accused Products in their intended manner (e.g., pursuant to instructions provided by Defendant).

78. At least as early as the filing of this action, Defendant's infringement of the '882 Patent was and continues to be willful and deliberate, thereby entitling Plaintiff to enhanced damages.

79. Additional allegations regarding Defendants' knowledge of the '882 Patent and willful infringement will likely have evidentiary support after a reasonable opportunity for discovery.

80. Defendant's infringement of the '882 Patent is exceptional and entitles Prosperina to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

81. Prosperina is in compliance with any applicable marking and/or notice provisions of 35 U.S.C. § 287 with respect to the '882 Patent.

82. Prosperina is entitled to recover from Defendant all damages that it has sustained as a result of Defendant's infringement of the '882 Patent, including, without limitation, a reasonable royalty.

### Count V – Infringement of United States Patent No. 9,534,767

83.    Prosperina repeats, realleges, and incorporates by reference, as if fully set forth here, the allegations of the preceding paragraphs above.

84.    Home Depot  (or those acting on its behalf) has infringed and is infringing, either literally or under the doctrine of equivalents, at least claim 1 of the '767 Patent in violation of 35 U.S.C. §§ 271 et seq., directly and/or indirectly, by making, using, offering for sale, and/or selling in the United States, and/or importing into the United States without authority or license, the Commercial Electric LED Vapor Tight Light (1001488235) and substantially similar products (collectively, the "'767 Accused Products").

85.    As just one non-limiting example, set forth in Exhibit 11 is an exemplary claim chart evidencing Defendant's infringement of claim 1 of the '767 Patent in connection with one of the '767 Accused Products (e.g., the Commercial Electric LED Vapor Tight Light (1001488235)). This description is based on publicly available information. Prosperina reserves the right to modify this description, including, for example, on the basis of information about the '767 Accused Products that it obtains during discovery.

86.    Defendant has been and/or currently is an active inducer of the direct infringement of the '767 Patent under 35 U.S.C. § 271(b) and a contributory infringer of the '767 Patent under 35 U.S.C. § 271(c).

87.    With and despite its knowledge of the '767 Patent, Defendant has been and/or currently is intentionally causing, urging, and/or encouraging customers to

directly infringe one or more claims of the '767 Patent while being on notice of (or willfully blind to) the '767 Patent. For instance, Defendant has supplied and continues to supply the '767 Accused Products to customers (e.g., end users of the '767 Accused Products) while knowing that use of these products in their intended manner will directly infringe one or more claims of the '767 Patent.

88.    Defendant has been and/or currently is knowingly and intentionally encouraging and aiding customers to engage in such direct infringement of the '767 Patent. As one example, Defendant promotes, advertises, and instructs customers or potential customers about the '767 Accused Products and uses of the '767 Accused Products.

89.    Defendant knows (and/or has known) that such encouraging and aiding does (and/or would) result in its customers directly infringing one or more claims of the '767 Patent. For instance, prior to the filing date of this lawsuit Defendant knew of the existence of the '767 Patent or at least should have known of the existence of the '767 Patent but was willfully blind to its existence. At minimum, as of the filing date of this lawsuit, Defendant was aware of the existence of the '767 Patent. And, as a result of its knowledge of the '767 Patent (and/or as a direct and probable consequence of its willful blindness to this fact), Defendant specially intended (and/or has intended) that its encouraging and aiding does (and/or would) result in direct infringement of the '767 Patent by Defendant's customers. On information and belief, Defendant specifically intends (and/or has intended) that its actions will (and/or would) result in direct infringement of one or more claims of the '767 Patent and/or subjectively

21

believes (and/or has believed) that its actions will (and/or would) result in infringement of the '767 Patent but has taken (and/or took) deliberate actions to avoid learning of those facts.

90.    Defendant has been and/or currently is contributorily infringing one or more claims of the '767 Patent by offering for sale, selling, and/or importing one or more components in connection with the '767 Accused Products that contribute to the direct infringement of the '767 Patent by customers of the '767 Accused Products. In particular, as set forth above, Defendant has had actual knowledge of the '767 Patent since before the filing of this action. Further, Defendant offers for sale, sells, and/or imports one or more components in connection with the '767 Accused Products that are not staple articles of commerce suitable for substantial noninfringing use, and Defendant knows (or should known) that such component(s) were especially made or especially adapted for use in infringement of the '767 Patent. Defendant has supplied (and/or continues to supply) the '767 Accused Products that comprise such component(s) to customers, who then directly infringe one or more claims of the '767 Patent by using the '767 Accused Products in their intended manner (e.g., pursuant to instructions provided by Defendant).

91.    At least as early as the filing of this action, Defendant's infringement of the '767 Patent was and continues to be willful and deliberate, thereby entitling Plaintiff to enhanced damages.

22

92.     Additional allegations regarding Defendants' knowledge of the '767 Patent and willful infringement will likely have evidentiary support after a reasonable opportunity for discovery.

93.     Defendant's infringement of the '767 Patent is exceptional and entitles Prosperina to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

94.     Prosperina is in compliance with any applicable marking and/or notice provisions of 35 U.S.C. § 287 with respect to the '767 Patent.

95.     Prosperina is entitled to recover from Defendant all damages that it has sustained as a result of Defendant's infringement of the '767 Patent, including, without limitation, a reasonable royalty.

### Count VI – Infringement of United States Patent No. 10,107,487

96.     Prosperina repeats, realleges, and incorporates by reference, as if fully set forth here, the allegations of the preceding paragraphs above.

97.     Home Depot  (or those acting on its behalf) has infringed and is infringing, either literally or under the doctrine of equivalents, at least claim 1 of the '487 Patent in violation of 35 U.S.C. §§ 271 et seq., directly and/or indirectly, by making, using, offering for sale, and/or selling in the United States, and/or importing into the United States without authority or license, the Ecosmart PAR20 50w 75W (1012781337) and substantially similar products (collectively, the "'487 Accused Products").

98.    As just one non-limiting example, set forth in <u>Exhibit 12</u> is an exemplary claim chart evidencing Defendant's infringement of claim 1 of the '487 Patent in connection with one of the '487 Accused Products (e.g., the Ecosmart PAR20 50w 75W (1012781337)). This description is based on publicly available information. Prosperina reserves the right to modify this description, including, for example, on the basis of information about the '487 Accused Products that it obtains during discovery.

99.    Defendant has been and/or currently is an active inducer of the direct infringement of the '487 Patent under 35 U.S.C. § 271(b) and a contributory infringer of the '487 Patent under 35 U.S.C. § 271(c).

100.   With and despite its knowledge of the '487 Patent, Defendant has been and/or currently is intentionally causing, urging, and/or encouraging customers to directly infringe one or more claims of the '487 Patent while being on notice of (or willfully blind to) the '487 Patent. For instance, Defendant has supplied and continues to supply the '487 Accused Products to customers (e.g., end users of the '487 Accused Products) while knowing that use of these products in their intended manner will directly infringe one or more claims of the '487 Patent.

101.   Defendant has been and/or currently is knowingly and intentionally encouraging and aiding customers to engage in such direct infringement of the '487 Patent. As one example, Defendant promotes, advertises, and instructs customers or potential customers about the '487 Accused Products and uses of the '767 Accused Products.

24

102.    Defendant knows (and/or has known) that such encouraging and aiding does (and/or would) result in its customers directly infringing one or more claims of the '487 Patent. For instance, prior to the filing date of this lawsuit Defendant knew of the existence ofthe '487 Patent or at least should have known of the existence of the '487 Patent but was willfully blind to its existence. At minimum, as of the filing date of this lawsuit, Defendant was aware of the existence of the '487 Patent. And, as a result of its knowledge of the '487 Patent (and/or as a direct and probable consequence of its willful blindness to this fact), Defendant specially intended (and/or has intended) that its encouraging and aiding does (and/or would) result in direct infringement of the '487 Patent by Defendant's customers. On information and belief, Defendant specifically intends (and/or has intended) that its actions will (and/or would) result in direct infringement of one or more claims of the '487 Patent and/or subjectively believes (and/or has believed) that its actions will (and/or would) result in infringement of the '487 Patent but has taken (and/or took) deliberate actions to avoid learning of those facts.

103.    Defendant has been and/or currently is contributorily infringing one or more claims of the '487 Patent by offering for sale, selling, and/or importing one or more components in connection with the '487 Accused Products that contribute to the direct infringement of the '487 Patent by customers of the '487 Accused Products. In particular, as set forth above, Defendant has had actual knowledge of the '487 Patent since before the filing of this action. Further, Defendant offers for sale, sells, and/or imports one or more components in connection with the '487 Accused Products that

25

are not staple articles of commerce suitable for substantial noninfringing use, and Defendant knows (or should known) that such component(s) were especially made or especially adapted for use in infringement of the '487 Patent. Defendant has supplied (and/or continues to supply) the '487 Accused Products that comprise such component(s) to customers, who then directly infringe one or more claims of the '487 Patent by using the '487 Accused Products in their intended manner (e.g., pursuant to instructions provided by Defendant).

104.   At least as early as the filing of this action, Defendant's infringement of the '487 Patent was and continues to be willful and deliberate, thereby entitling Plaintiff to enhanced damages.

105.   Additional allegations regarding Defendants' knowledge of the '487 Patent and willful infringement will likely have evidentiary support after a reasonable opportunity for discovery.

106.   Defendant's infringement of the '487 Patent is exceptional and entitles Prosperina to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

107.   Prosperina is in compliance with any applicable marking and/or notice provisions of 35 U.S.C. § 287 with respect to the '487 Patent.

108.   Prosperina is entitled to recover from Defendant all damages that it has sustained as a result of Defendant's infringement of the '487 Patent, including, without limitation, a reasonable royalty.

## JURY DEMANDED

109.   Pursuant to Federal Rule of Civil Procedure 38(b), Prosperina hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

a.      That judgment be entered that Defendant has infringed at least one or more claims of the patents-in-suit, directly and/or indirectly, literally and/or under the doctrine of equivalents;

b.      An award of damages sufficient to compensate Prosperina for Defendant's infringement under 35 U.S.C. § 284, including an enhancement of damages on account of Defendant's willful infringement;

c.      That the case be found exceptional under 35 U.S.C. § 285 and that Prosperina be awarded its reasonable attorneys' fees;

d.      Costs and expenses in this action;

e.      An award of prejudgment and post-judgment interest; and

f.      Such other and further relief as the Court may deem just and proper.

Date: August 12, 2026                    Respectfully submitted,

*/s/Olivia E. Marbutt*
Daniel A. Kent
  dankent@kentrisley.com
  (404) 585-4214
Samuel J. Najim
  samnajim@kentrisley.com
  (404) 855-3866
Olivia E. Marbutt
  oliviamarbutt@kentrisley.com
  (404) 855-3865

**KENT & RISLEY LLC**
5755 N Point Pkwy Ste 57
Alpharetta, GA 30022

Attorneys for Plaintiff
**Prosperina Ventures LLC**

28